Steven J. Schatz, Esquire (SS 2265)
WEINSTEIN & ASSOCIATES
100 Grove Street
PO Box 642
Haddonfield, NJ  08033
(856) 427-6500

Attorneys for Plaintiff

Mark S. Scheffer, Esquire
LAW OFFICES OF MARK S. SCHEFFER
50 West Welsh Pool Rd., Suite 1B
Exton, PA   19341
(610) 394-1550

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **TODD S. KAPLAN** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. |
| | : | |
| **DHL EXPRESS, INC.** | : | JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff, Todd S. Kaplan, is an individual residing in the State of New Jersey at 5 Heron Court, Forked River, NJ 08731.

2. Defendant, DHL Express, Inc. is a corporation engaged in an industry affecting commerce with a place of business at 2271 Landmark Place, Manasquan, NJ 08736.

3. The causes of action set forth in this complaint arise under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.* ("FMLA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq*. ("NJLAD") and the common law of New Jersey.

4. The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1367.

5. At all times material hereto, Defendant acted by and through its authorized agents, servants, workers and/or employees, acting in the course and scope of their employment with Defendant and in furtherance of defendant's business.

6. Plaintiff was hired by Defendant in 1995, and worked for Defendant as a Delivery Driver.

7. Plaintiff is Jewish and also has a learning disability.

8. Plaintiff is an individual with a "handicap" within the meaning of the NJLAD.

9. At various times during his employment, Plaintiff was subjected to a hostile environment and harassed because of his religion and handicap, with the latest incidents occurring in March of 2008.

10. These incidents including Plaintiff being called "Beany" (a reference to the yarmulke worn by many Jewish men) and "retard" by co-workers.

11. Plaintiff complained about these incidents to various managers and supervisors and Defendant failed to take appropriate action.

12. On or about March 20, 2008 Plaintiff sustained injuries to, *inter alia*, his right wrist while working. In fact, Plaintiff broke his wrist.

13. Plaintiff was accused by his supervisors of faking his injury to get out of work, and requested to go to the hospital but was not permitted to.

14. Plaintiff had words with his supervisors about his injury.

15. Plaintiff was not permitted to leave work until late that evening.

16. On or about March 21, 2008 Plaintiff was terminated for allegedly threatening a supervisor.

17. Plaintiff did not threaten a supervisor, and the reasons give for his termination are pretextual.

18. Plaintiff believes and therefore avers that his termination was motivated by his sustaining a work injury, his need to take medical leave from his regular position because of that injury, and/or in retaliation for his having complained of discriminatory treatment.

19. As a direct and proximate result of Defendant's wrongful and unlawful conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, a loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys fees and costs.

## COUNT I - FMLA

20. Plaintiff incorporates herein by reference paragraphs 1 through 19 above as set forth herein in their entirety.

21. Plaintiff qualified for and was entitled to the protections afforded by the FMLA.

22. Defendant terminated Plaintiff at least in part to interfere or restrain rights afforded Plaintiff under the FMLA, including his right to take medical leave for up to twelve weeks to heal from his serious health condition and return to his job after the expiration of leave.

23. Defendant's conduct warrants the imposition of liquidated damages under the FMLA.

24. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, loss of earning capacity, loss of benefits, attorney's fees and costs.

### COUNT II – NJLAD

25. Plaintiff incorporates herein by reference paragraphs 1 through 19 above as if set forth herein in their entirety.

26. Defendant, by the above referenced actions, violated the NJLAD.

27. As a direct and proximate result of Defendant's violation of the NJLAD, Plaintiff has sustained the damages and losses set forth herein.

### COUNT III – WRONGFUL DISCHARGE

28. Plaintiff incorporates herein by reference paragraphs 1 through 19 above as if set forth herein in their entirety.

29. Defendant's termination of Plaintiff violated the public policy of the State of New Jersey, said public policy forbidding an employer to retaliate against an employee who has sustained a work-related injury, and Defendant's termination of Plaintiff constitutes a wrongful discharge.

30. As a direct and proximate result of Defendant's wrongful discharge of Plaintiff, Plaintiff has sustained the damages and losses set forth herein.

### RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

    (a) declaring Defendant's actions to be in violation of the ADEA and the NJLAD;

(b) awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's improper and unlawful treatment, including, but not limited to, past and future wages, lost earning capacity, pension, and other lost benefits;

(c) awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(d) awarding punitive damages to Plaintiff;

(e) awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(f) awarding plaintiff such other damages as are appropriate under the ADEA and the NJLAD; and

(g) granting such other further relief as the Court deems appropriate.

s/ Steven J. Schatz

_____
STEVEN J. SCHATZ (SS 2265)
MARK S. SCHEFFER
Attorneys for Plaintiff

Dated: December 28, 2009

*6*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify that the matter in controversy in the above-entitled action is not the subject of any other action pending in court, or of any pending arbitration or administrative proceeding.

s/ Steven J. Schatz
_____
STEVEN J. SCHATZ (SS 2265)
MARK S. SCHEFFER
Attorneys for Plaintiff

Dated:  December 28, 2009